Scott S. Humphreys (SBN 298021)
humphreyss@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

*Attorney for Defendant*
*UNIUNI LOGISTICS INC.*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POINT2POINT GLOBAL, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>UNIUNI LOGISTICS INC., a California corporation,<br><br>Defendant. | Case No. 2:26-CV-5065-SRM-MAR<br><br>**DEFENDANT UNIUNI LOGISTICS INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMNARY INJUNCTION (DKT. NO. 6)** |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

Defendant UniUni Logistics Inc. ("Defendant") opposes Plaintiff Point2Point Global, LLC's ("Plaintiff") Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("TRO").[1]

## INTRODUCTION

There is no basis for the TRO. This case involves a standard breach of contract dispute in which Plaintiff (not Defendant) breached its contractual obligations by failing to pay for services Defendant provided. Because Plaintiff failed to pay what Defendant was owed, Defendant rightfully chose to suspend providing its services. Yet Plaintiff seeks to reframe its breach into baseless affirmative claims. In due course, Defendant will file a counterclaim against Plaintiff for breach of contract and will vigorously oppose Plaintiff's baseless allegations.

While Plaintiff's claims lack merit, what is clear now is that there is no basis for Plaintiff's request for the "extraordinary remedy" of a TRO and/or Preliminary Injunction. Plaintiff's allegations of monetary loss cannot establish irreparable harm as a matter of law, and Plaintiff fails to establish that there are tangible trade secrets or confidential information to protect from disclosure. Plaintiff falls far short, therefore, of satisfying the requirements to grant the extraordinary and drastic remedy of a TRO, let alone the exceedingly high burden of establishing the need for a mandatory injunction ordering Defendant to continue providing services to Plaintiff (especially in light of Plaintiff's failure to pay for those services). Because exigent circumstances do not exist, Defendant respectfully requests that the Court deny the TRO and request for a preliminary injunction. Alternatively, the Court should set a briefing schedule on Plaintiff's request for a preliminary injunction, with

_____

[1] Defendant submits this initial, abbreviated opposition to comply with this Court's requirement that oppositions to ex parte applications must be filed by 3:00 P.M. on the following court date, even though a judge was not assigned at the time of service. *See* https://apps.cacd.uscourts.gov/Jps/honorable-serena-r-murillo. While the TRO must be denied right now, Defendant also reserves the right to submit a more fulsome opposition with additional arguments and evidence.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

DEFENDANT UNIUNI LOGISTICS INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

Defendant's opposition to Plaintiff's preliminary injunction due no earlier than Friday, May 22, 2026.

## **LEGAL STANDARDS**

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).[2] The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) likelihood of success on the merits, (2) likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). Because TROs are an "extraordinary and drastic remedy[,]" *Munaf v. Geren*, 553 U.S. 674, 689 (2008), the party seeking the injunction must present evidence sufficient to clearly carry its burden of persuasion on each requirement. *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) (citations omitted).

In addition, when a party seeks a mandatory injunction—that is, an injunction requiring a party to take affirmative action, rather than to cease action—the plaintiff's burden is "doubly demanding" and they must establish that "law and facts clearly favor [its] position, not simply that [it is] likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Mandatory injunctions ordering parties to perform specific acts are "particularly disfavored." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation omitted). In fact, mandatory injunctions "are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Id*.

---

[2] The standard for issuing a temporary restraining order is substantially identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

DEFENDANT UNIUNI LOGISTICS INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

## ARGUMENT

At this extremely early stage of the case, Defendant primarily focuses its opposition on showing why Plaintiff cannot show it would be irreparably harmed absent the entry of a TRO.

**A.    Plaintiff Fails to Show Clear Irreparable Harm**.

"An irreparable harm is one that cannot be redressed by a legal or equitable remedy following trial." *Premier Nutrition, Inc. v. Organic Food Bar, Inc.*, 475 F. Supp. 2d 995, 1007 (C.D. Cal. 2007). Plaintiff attempts to satisfy this standard by claiming (1) loss of customers and goodwill; and (2) that Defendant is misappropriating Plaintiff's customer data. Dkt. 6-1 at 22-23. While both arguments fail on the merits, they also fail to establish any basis for a TRO.

*First*, and most importantly, this is fundamentally a breach of contract dispute, which can be resolved through money damages. Plaintiff's purported loss of customers and goodwill is simply a financial injury by another name. Specifically, Plaintiff has only identified alleged financial injuries that money damages can fix. It is "well established that mere financial injury ... will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation." *Yamout v. Scapa*, No. CV 24-8876-SVW-PDX, 2024 WL 5185324, at *3 (C.D. Cal. Oct. 22, 2024); *see also Asmoke USA, LLC v. YCY Int'l Logistics, Inc.*, No. SACV2300746CJCADSX, 2023 WL 3768655, at *2 (C.D. Cal. May 1, 2023) (denying *ex parte* TRO because plaintiff did not show a certainty that it will suffer irreparable harm where money damages could make it whole).

Further, the cases Plaintiff relies upon arose in a trademark infringement context. Dkt. 6-1 at 23 (citing *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) and *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001). Plaintiff cites no cases holding that loss of customers in a garden-variety breach of contract dispute can support a finding

4

DEFENDANT UNIUNI LOGISTICS INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE
APPLICATION FOR TEMPORARY RESTRAINING ORDER

of irreparable harm. In any event, Plaintiff's alleged future loss of goodwill is speculative and conclusory. *See In re Excel Innovations, Inc.*, 502 F.3d 1086, 1098 (9th Cir. 2007) ("Speculative injury cannot be the basis for a finding of irreparable harm[.]").

*Second*, Plaintiff has not shown any actual trade secrets that could be misappropriated. The alleged confidential information Plaintiff relies upon are: (1) customer identities; (2) shipping rates; and (3) shipping guarantees. Dkt. 6-1 at 21, 24. To start, Plaintiff fails to meet its high burden of clearly establishing that the identities of customers rise to the level of trade secrets or protected information. In addition, Plaintiff offers no evidence showing that Defendant is subject to any non-solicitation restrictions. Next, Plaintiff's "shipping rates" and "shipping guarantees" are the type of imprecise, general, and vague assertions that courts have repeatedly found inadequate to support a trade secret claim, much less an entitlement to a TRO. *See Race Winning Brands, Inc. v. Gearhart*, No. SACV 22-1446-FWS-DFM, 2023 WL 4681539, at *5 (C.D. Cal. Apr. 21, 2023) (Plaintiff's proffer of a "long list of general areas of information containing unidentified trade secrets" was "not a substitute" for pleading particularized and concrete trade secrets); *Rescue 1 Fin., LLC v. Complete Debt Relief, LLC*, No. SACV 23-00982-CJC (KESX), 2023 WL 6373884, at *4 (C.D. Cal. Aug. 24, 2023) (categories such as "information about products and services, markets, customers and prospective customers" "are simply too broad for the Court—or Defendants—to understand what they mean").

In short, Plaintiff's TRO would disturb the status quo instead of preserving it. Plaintiff's speculative claims and alleged injury, which is financial in nature at best, does not constitute irreparable injury sufficient to warrant granting the drastic and extraordinary remedy of a mandatory TRO.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

DEFENDANT UNIUNI LOGISTICS INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

**B.      The Equities Favor Defendant.**

To qualify for injunctive relief, the plaintiff must establish that "the balance of equities tips in [its] favor." *Winter*, 555 U.S. at 20. In assessing whether plaintiff has met this burden, the district court has a "duty ... to balance the interests of all parties and weigh the damage to each." *See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980).

Here, the potential harm from an erroneously issued, widespread injunction far outweighs any harm should such relief be erroneously denied. Defendant would suffer substantially more hardship than Plaintiff from the requested TRO. While Plaintiff looks exclusively at its own financial injury, it overlooks that its requested relief would force Defendant to perform services that Plaintiff has repeatedly refused, for months on end, to pay for. Critically, Plaintiff currently owes Defendant significant amounts of money. Plaintiff comes to this court with unclean hands, and courts find that "[w]hen seeking a temporary restraining order through an <u>ex parte</u> application, a plaintiff must further show that he is without fault in creating the crisis necessitating the bypass of regular motion procedures." *Wealthstorm Ltd. v. Digital Archives Inc.*, No. CV1205647JGBRZX, 2013 WL 12131284, at *2 (C.D. Cal. Jan. 31, 2013). Plaintiff cannot do so here because it caused the purported urgency it complains about by withholding payment from Defendant for delivery services Defendant already provided.

**C.      A TRO Is Not In the Public Interest.**

Where, as here, a temporary restraining order is limited to conduct between the parties, "the public interest will be *at most* a neutral factor[.]" *Stormans, Inc.*, 586 F.3d at 1138-39 (emphasis added). Thus, this factor does not weigh in favor of granting a TRO.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

DEFENDANT UNIUNI LOGISTICS INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

Case 2:26-cv-05065-SRM-MAR   Document 15   Filed 05/14/26   Page 7 of 7   Page ID #:1357

**D.  Alternatively, The Court Should Require Plaintiff to Give Security As a Condition of Any TRO.**

"Federal Rule of Civil Procedure 65(c) permits a court to grant preliminary injunctive relief 'only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009). Here, the Court should at a minimum require Plaintiff to immediately pay all past-due payments due and owing to Defendant, as well as all costs that would be incurred by Defendant by performing services for Plaintiff as requested by the TRO, in an amount to be calculated and provided to the Court if necessary.

DATED:  May 14, 2026

**BALLARD SPAHR LLP**

BY:  */s/ Scott S. Humphreys*
Scott S. Humphreys

Attorney for Defendant
UNIUNI LOGISTICS INC.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

7

DEFENDANT UNIUNI LOGISTICS INC.'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER